Madden, Judge,
delivered the opinion of the court:
The plaintiffs Green and Schneider filed their petition on January 8, 1953, claiming that the United States owed them $53,247.82 for tuition furnished to veterans pursuant to a contract with the Veterans Administration. The plaintiffs Laura Lee Martell and Morty Martell filed their petition on June 29,1953, claiming that they were the owners of one-half of the $53,247.82 and were entitled to recover that one-half from the United States. The Government made a motion that the two cases be consolidated for trial, and the court granted the motion.
The plaintiffs Green and Schneider filed a motion to dismiss the claims of the Martells, and for a summary judgment against them. The court dismissed that motion and referred the case to a commissioner of this court for further *792 proceedings to determine which of the plaintiffs are the rightful owners of the alleged claim against the United States. The commissioner conducted a hearing and has made his report.
For some time prior to October 1, 1946, the Martells had owned a school called “The House of Theatre” for the teaching of drama, arts, and kindred subjects. On that date Green and Schneider paid the Martells $20,000 for a half interest in the school, and formed a partnership with them for the operation of the school for the training of veterans in the theatre arts. The school operated as intended, and by January 8,1948, had submitted vouchers to the Veterans’ Administration for $53,247.82 for tuition allegedly earned. These vouchers were not paid and they were later rejected by the Comptroller General.
On November 30, 1947, the Néw York State Education Department terminated its approval of the school for the training of veterans. The Martells claim that the partnership was terminated as of that date, and that the partners thereupon became the individual owners of their undivided interests in the claim against the United States. The evidence shows that the partnership was not dissolved, although there was discussion of dissolution.
On January 8, 1948, the plaintiff Morty Martell assigned to his son Stanley Mandell all of his interest in the partnership. On January 9, Laura Lee Martell, Stanley Mandell, and Green and Schneider made a written agreement to “continue to engage in and conduct the business of operating” the school. The expenses of $2,106.79 for rent, salaries, telephone, etc., which had been paid by the Martells between December 12, 1947, and January 9 were credited to Laura Lee Martell and Stanley Mandell in the partnership account. The school continued to operate.
On April 26, 1948, Laura Lee Martell and Stanley Man-dell sold to Green and Schneider for $20,000 all their interest in the partnership “including * * * all [their] right, title and interest * * * in and to all moneys payable or which may become payable from the Veterans Administration or any other State agency or corporation.”
*793 It is, of course, the contention of the Martells that the asserted oral dissolution of the partnership in November or December 1947, converted the then existing claim against the Veterans Administration into an asset of which each of the former four partners individually owned a one-fourth interest; that Morty Martell’s one-fourth interest did not pass by his assignment to his son on January 8, 1948, but remained in him, and had no relation to the allegedly new partnership which was formed on January 9; that Laura Lee Martell’s share, having become her individual property upon the alleged dissolution of the partnership, remained so and was not owned by the partnership formed on January 9; that, therefore, no part of the Veterans Administration claim was a partnership asset, or was included in the April 26,1948, sale of the partnership assets to Green and Schnei-dei*. The Martells explain the express mention of Veterans Administration claims in the April 26 agreement of sale as being applicable to tuitions earned after January 9, the date of the formation of the allegedly new partnership.
The evidence is contradictory, but we conclude from it that the unpaid claims of the partnership against the Veteran's Administration remained partnership assets, and were included in the assignment from Morty Martell to Stanley Mandell, and in the later assignment from Laura Lee Mar-tell and Stanley Mandell to Green and Schneider.
The petition of Morty Martell and Laura Lee Martell will be dismissed.
It is so ordered.
Laramore, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.
FINDINGS OE PACT
The court, having considered the evidence, the report of Commissioner Paul H. McMurray, and the briefs and argument of counsel, makes the following findings of fact':
1. On October 1,1946, the plaintiffs, Green and Schneider, together with plaintiffs, Laura Lee Martell and Morty Mar-tell (also sometimes called Marty Martell or Morty Man-dell) , formed a partnership to be known as “The House of *794 Theatre” to operate a school for the purpose of training veterans of the armed services of the United States in drama, arts, and kindred subjects. This school was to be located at 555 East Tremont Avenue, in the Borough of Bronx, City and State of New York. Green and Schneider invested $20,000 cash for a one-half interest in the school.
During the period from October 1, 1946, to January 8, 1948, The House of Theatre trained veterans of the United States armed forces pursuant to Public Law 346, 78th Congress, as amended, and submitted vouchers to the Veterans Administration, an agency of the United States, in the sum of $53,247.82. No part of this amount has been paid. Under date of December 7,1951, the Comptroller General of the United States denied the claim in a decision designated as No. Z-815-715.
The plaintiffs, Green and Schneider, claim title and ownership of the whole of this claim against the defendant, whereas the plaintiffs, Martells, claim title and ownership of one-half of this said claim.
2. Plaintiffs, Green and Schneider, filed a petition under date of January 8, 1953, claiming the defendant owed them $53,247.82 for services rendered by The House of Theatre, pursuant to a contract with the Veterans Administration for the training of veterans pursuant to Public Law 346,78th Congress, as amended.
Plaintiffs, Laura Lee Martell and Morty Martell, filed a petition on June 29, 1953, claiming fifty percent (50%) of the total sum of $53,247.82 alleged to be due the partnerships referred to in finding 1 which operated the school known as “The House of Theatre.”
Pursuant to a motion by defendant, these claims were consolidated by the.eourt for purposes of trial.
3. Plaintiffs, Nathan Green and Samuel Schneider, filed a motion for dismissal of the claims of plaintiffs, Laura Lee Martell and Morty Martell, and for summary judgment against those plaintiffs under date of March 9, 1955. The court disposed of that motion by the following order:
On August 10, 1953, on defendant’s motion, the court ordered consolidation of these cases for proceedings in this court, it appearing that the plaintiffs in each case *795 allege ownership of the identical claim against the United States.
The cases are presently before the court on motion by plaintiffs Nathan Green and Samuel Schneider, doing business under the firm name and style of the House of Theatre (No. 9-53) to dismiss the claims of,, and for summary judgment against plaintiffs Laura Lee Martell and Morty Martell (No. 292-53).
now, therefore, it is ordered this ninth day of March 1955, that said motion of plaintiffs Nathan Green and Samuel Schneider be and hereby is denied and these cases are referred to the commissioner of this court for further proceedings to determine which of the plaintiffs are the rightful owners of the alleged claim against the United States.
4. Trial of the single issue referred to the Commissioner, namely, a'determination of which plaintiffs “are the rightful owners of the alleged claim against the United States” was held and all plaintiffs given full opportunity to present oral and documentary evidence in support of their respective claims.
5. At the outset of the trial held in New York, the attorney representing Laura Lee and Morty Martell moved for dismissal of “this portion of the proceedings” on the ground that the Court of Claims lacks jurisdiction “over the subject matter of determining conflicting claims between claimants as against the Government.” He cited Leather v. United States, 61 C. Cls. 388. After hearing brief oral arguments, the motion was overruled and the parties directed to proceed to present evidence in support of their respective claims.
6. Approval of the school (The House of Theatre) for the training of veterans was terminated by the New York State Education Department effective November 30, 1947.
7. Although the plaintiffs, Laura Lee Martell and Morty Martell, claim that the partnership was terminated as of November 30,1947, it is not established that termination of the license to operate The House of Theatre, in and of itself, automatically terminated the partnership previously created. Partnership expenses totalling $2,106.79 for rent, payroll, telephone, etc., were incurred between December 12, 1947, and January 9, 1948, and credited to the Martells in *796 an agreement executed on the latter date. The record does not establish that it was the intent of the parties to the agreement of October 1, 1946, that the partnership would automatically terminate upon a revocation of the license to operate the school. While it is true that under date of December 8, 1947, plaintiffs, Green and Schneider, advised Mrs. Laura Lee Martell that “we deem it necessary and imperative that the partnership be dissolved and its assets distributed in accordance with the terms of the partnership agreement”, it is not shown that a dissolution was effected. By agreement dated January 9, 1948, between Laura Lee Martell and Stanley Mandell, referred to as “parties of the first part” and Nathan Green and Samuel Schneider “parties of the second part” it was mutually agreed, among other things that—
1. The parties herein, as partners, shall continue to engage in and conduct the business of operating and maintaining The House of Theatre as a school for the teaching of drama, arts, voice, radio technique, phrasing, phonetics, diction, elocution, ballet and tap dancing and kindred subjects to selected pupils and also to war veterans whose tuition is wholly or partly paid by or through the Veterans’ Administration or other government agency.
2. The name of the partnership shall be “The House of Theatre”.
8. Although a report based on the records of The House of Theatre, prepared by the accounting firm Demsky and Zabell, disclosed, as of October 31, 1947, an item under the heading “Current assets — monies due from the Veterans Administration — $43,700.”, subsequent reports from the auditing firm did not carry under assets any item showing an amount due from the Veterans Administration. A member of the auditing firm testified that this omission resulted from the fact that certain accrued accounts receivable were in dispute and had been rejected by the Veterans Administration and, since the amount, if any, which was due The House of Theatre under this classification, had not been determined, he was unable to arrive at any proper figure to include in his report.
*797 9. Under date of January 8, 1948, Morty Martell executed an “Assignment” to his son, Stanley Mandell, whereby he stated that “for value received, have sold, and by these presents do grant, assign and convey unto Stanley Mandell” all of his right, title and interest in and to the partnership now being conducted under the name of “The House of Theatre” and all such share as he owned under the agreement dated- October 1, 1946, referred to in finding 1 above.
The original of this so-called assignment was not produced by either of the parties plaintiff during the trial. A photostatic copy was admitted in evidence. This copy has inserted in longhand the word “undivided” immediately following the words “all of my” which modification was initialed by the attorney for Morty Martell at the time. According to the testimony of Morty Martell the word “undivided” was not on the document when he signed it, although he also stated he did not read the document. His position was that he did not authorize the use of the word “undivided” and that his attorney had no authority to insert it.
Plaintiff, Morty Martell, has no objection or criticism of a wording of the grant, assignment and conveyance, without the insertion of the word “undivided” which would read as follows:
All of my right, title and interest in and to the partnership now being conducted under the name “The House of Theatre” and all of such share of same as I own under agreement dated October 1,1946.
He strenuously objected to the insertion of the word “undivided” between the words “my” and “right” and seemed to believe that its use in the conveyance would deprive the plaintiffs, Laura Lee Martell and Morty Martell, of their share in any money due from the Veterans Administration for services rendered by the school. Although present during all sessions of the trial, Laura Lee Martell never took the stand to testify on this or any other phase of the suit.
10. An agreement, executed on April 26,1948, by the parties mentioned therein, read in part as follows:
AGREEMENT made this 26th day of April, 1948 between laura lee martell, residing at 1562 Walton Avenue, *798 in the Borough of Bronx, City of New York, and Stanley mandell, residing at 1857 Walton Avenue, Borough of Bronx, City of New York (collectively referred to herein as “parties of the first part”) and nathan gbeen, residing at 1184 Walton Avenue in the Borough of Bronx, City of New York, and samuel sohneeder, residing at 752 East 53rd Street, in the Borough of Brooklyn, City of New York (collectively referred to herein as “parties of the second part”);
WITNESSETH :
whereas, pursuant to an agreement dated October 1, 1946 the parties of the second part, together with Laura Lee Martell, one of the parties of the first part, and Morty Martell, became partners in the business of operating the school known as The House of Theatre, located at 555 East Tremont Avenue, in the Borough of Bronx, City and State of New York; and
whereas, thereafter by assignment dated January 8, 1948 said Morty Martell retired from said partnership and assigned all his right, title and interest therein to Stanley Mandell, one of the parties of the first part; and
whereas, thereafter pursuant to an agreement dated January 9, 1948 the parties hereto became partners engaged in the business of operating the said school kown as The House of Theatre located at 555 East Tremont Avenue, Borough of Bronx, City and State of New York, and since said date have been and now are engaged as such partners in the operation of said school; and
whereas, the parties of the first part desire to retire from said business and to sell all their undivided right, title and interest therein to the parties of the second part who are willing to purchase the same;
THE PARTIES MUTUALLY AGREE:
1. For and in consideration of the sum of Twenty thousand ($20,000.) dollars, lawful money of the United States, paid by the parties of the second part to the parties of the first part who acknowledge receipt thereof, the parties of the first part do hereby sell, assign, transfer and release to the parties of the second part all their undivided right, title and interest in and to the partnership business of the parties known as The House of Theatre located at 555 East Tremont Avenue, in the Borough of Bronx, City and State of New York, including cash on hand and the capital accounts of the parties of the first part and all other claims and rights of the parties of the first part in and to the assets of *799 said business and the good will thereof; including more particularly (though not by limitation) all the right, title and interest of the parties of the first part in and to all moneys payable or which may become payable from the Veterans Administration or any other Federal or State agency or corporation.
11. Under date of April 26, 1,948, Stanley Mandell and Laura Lee Martell executed the following document (General Kelease)
TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAT CONCERN
Greeting: know te, That we, laura lee martell, residing at 1562 Walton Avenue, in the Borough of Bronx, City and State of New York; and
stanlev mandell, residing at 1857 Walton Avenue, in the Borough of Bronx, City and State of New York, for and in consideration of other good and valuable considerations and the sum of One ($1.00) Dollar, lawful money of the United States of America to us in hand paid by samuel Schneider and nathan green, _ the receipt whereof is hereby acknowledged, have remised, released, and forever discharged and by these presents do for ourselves and each of our heirs, executors, and administrators and assigns, remise, release and forever discharge the said samuel schnetoer and nathan green, and each of their heirs, executors, administrators, successors and assigns of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, in admiralty, or in equity, which against said samuel schneider and/or nathan green, or either of them, we or either of us ever had, now have or which we or either of our heirs, executors, or administrators, hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents; particularly (but not by limitation) from any matter, cause or thing whatsoever, whether in tort or in contract, arising out of the partnership associatioon of the undersigned with said Schneider and Green in the business conducted under the trade-name “The House of Theatre”.
This release may not be changed orally.
*800 IN witness whereoe, we have hereunto set our hands and seals the 26th day of April in the year one thousand nine hundred and forty-eight.
Sealed and delivered in the presence of
Stanley Mándele e. s.
Laura Lee Marteee l. s.
WITNESSED,
MILTON N. REDMAN
CONCLUSION OE LAW
Upon the foregoing- findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiffs, Lena Green, executrix of the estate of Nathan Green, deceased, Samuel Schneider and The House of Theatre, are the rightful owners of the alleged claim against the United States.
The petition of Morty Martell and Laura Lee Martell is dismissed.